UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-60712-RS

NANCY WADE,

       Plaintiff,

vs.

CITIGROUP, N.A.,

       Defendant.
_____/

**JOINT SCHEDULING REPORT**

The Plaintiff, Nancy Wade ("Plaintiff") and Defendant Citibank, N.A.. ("Citibank") (collectively "the Parties"), file this Joint Scheduling Report pursuant to Rule 26(f) and Local Rule 16.1, and state as follows:

**1. Discovery Plan**

    i. The Parties will exchange their initial disclosures within thirty days of the Parties' Rule 26(f) conference and case scheduling meeting which was held via telephone on May 22, 2020.

    ii. Plaintiff will disclose experts and expert witness summaries and reports as required by Rule 26(a)(2) on or before November 2, 2020. Defendants will disclose experts and expert witness summaries and reports as required by Rule 26(a)(2) on or before December 1, 2020.

        a. The Parties agree that their expert disclosures must be accompanied by a report prepared by such expert containing all opinions on which the expert intends to testify at trial, the bases for such opinions, and the facts, documents, and any other matters (such as testimony or

witness interviews) considered by the expert in forming the opinions. Any expert witness not included in the Plaintiff's Expert Witness Disclosure or the Defendants' Expert Witness Disclosures will not be allowed to testify absent an order of the Court. Expert witness testimony on direct examination and re-direct examination at the trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert witness report. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

iii. The Parties believe this is a standard track case. The Parties anticipate that they will engage in all permissible means of discovery as permitted by the Federal Rules of Civil Procedure. The Parties propose that discovery be conducted so that the due date of any discovery requested shall not be later than February 15, 2021.

iv. In all other respects, discovery shall be governed by the Federal Rules of Civil Procedure and the Court's Initial Scheduling Order.

**2. Other Matters Required by Local Rule 16.1(b)**

    **a. Likelihood of Settlement.**

The Parties anticipate that they will engage in early settlement discussions within thirty days of the filing of this report. The possibility of settlement at this time is uncertain.

    **b. Likelihood of Appearance of Additional Parties**:

The Parties do not anticipate the appearance of any additional parties at this time.

**c. Proposed Time Limits on the Time:**

**(i) to Join Other Parties and to Amend the Pleadings:**

July 15, 2020

**(ii) to File and Hear Motions:**

All pre-trial Motions should be filed by June 1, 2021, and heard no later than the pretrial conference.

**(iii) to Complete Discovery:**

The Parties propose that discovery be conducted so that the due date of any discovery requested shall not be later than February 15, 2021.

**(iv)** **To select a mediator and schedule a time, date, and place for mediation.**

10/31/2020

**(v)** **Deadline for completing mediation.**

3/1/2021

**(vi)** **Deadline for filing dispositive pre-trial motions, including *Daubert* motions.**

3/15/2021

**(vii)** **Deadline for filing motions in limine**.

6/1/2021

**d. Proposals for Formulation and Simplification of Issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties do not have any proposals for the simplification of issues at this time. However, the Parties intend to file any Motions for Summary Judgment or Partial Summary Judgment on or before March 15, 2021.

**e. Necessity of Amendments to Pleadings**:

The Parties do not intend to file any amended pleadings at this time. However, any amended pleading will be filed on or before July 15, 2020.

3

**f. Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things, Stipulations Regarding Authenticity of Documents, and the Need for Advance Ruling from the Court on Admissibility of Evidence:**

The Parties are unable to properly respond to this matter as the litigation is still in its very early stages. However, the Parties will endeavor to cooperate on evidentiary issues, to stipulate to the admissibility of evidence, to limit the need for any advance rulings from the Court on questions of admissibility of evidence, and to seek such advance rulings when necessary to avoid any undue delay at trial.

**g. Prospective Claims of Privilege or Work Product Protection**

1.   *Claims of Privilege.*

As this case is still in its early stages, the Parties are uncertain at this time as to the extent of any privilege that will be claimed, including the attorney-client privilege, work-product privilege, trade secrets, or other applicable privilege recognized by Florida or federal law. The Parties agree, however, that such privileges will be available to both Plaintiff and Defendant as permitted by law, and nothing in this Scheduling Report shall be construed as a waiver of any such privilege. The Parties will serve privilege logs as required by Local Rule 26.1(e).

2.   *Inadvertent Disclosure.*

Pursuant to the Federal Rules of Civil Procedure 26(b)(5) and the Federal Rule of Evidence 502, the Parties agree that if information is produced in discovery in this matter that is subject to a claim of privilege or protection as trial preparation material, the Party making the claim may notify any party that received the information of the claim and basis for it within ten (10) days of having discovered that such information was produced. After being notified of the claim, a Party receiving such information must promptly return, sequester, or destroy the classified information and any copies and

may not use or disclose the information until the claim is resolved. If the receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. If the receiving Party disputes the claim or believes that protection has been waived, it may present the information to the Court under seal within ten days of receiving the notice for a determination of the claim. The producing Party must preserve the information and maintain its confidentiality until the claim is resolved.

**h. Suggestions for Avoidance of Unnecessary Proof and Cumulative Evidence**:

The Parties agree to cooperate to avoid unnecessary proof and cumulative evidence.

**i. Suggestions on the advisability of referring matters to a magistrate judge or master:**

The Parties do not desire that any matters be referred to a magistrate judge or master.

**j. A preliminary estimate of the time requested for trial:**

3 days.

**k. Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

Pretrial: September 7, 2021

Trial: September 20, 2021

**l. Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

Citibank intends to file its motion to compel arbitration pursuant to the terms of the cardmember agreement governing the relationship between the Parties and objects to any proceedings going forward until such motion is decided. Additionally, Citibank anticipates the need for a confidentiality agreement if it were required to produce documents. However, Citibank objects to any discovery taking place in advance of a decision on its forthcoming motion to compel arbitration.

5

Dated this **12th** day of **June, 2020.**

/s/ *Kingsley C. Nwamah*
Brian C. Frontino
Florida Bar No. 95200
Kingsley C. Nwamah
Florida Bar No. 118364
STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
bfrontino@stroock.com
knwamah@stroock.com
lacalendar@stroock.com

*Attorneys for Defendant*
*Citibank, N.A.*

*/s/ Joel D. Lucoff*
Joel D. Lucoff, Esq.
Debt Shield Law
230 S. Cypress Road, Suite D
Pompano Beach, FL  33060
Telephone:  (561) 510-0529
Facsimile:  (305) 503-9457
legal@debtshieldlawyer.com

*Attorneys for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 12, 2020,** via the Clerk of Court's CM/ECF system which will provide electronic notice to all attorneys of record.

*s/ Kingsley C. Nwamah*
Kingsley C. Nwamah, Esq.
*Attorneys for Defendant*
.